FOOK KHEONG CHAN and KWAN YU CHAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chan v. Commissioner
Docket No. 26426-81.
United States Tax Court
T.C. Memo 1984-483; 1984 Tax Ct. Memo LEXIS 196; 48 T.C.M. (CCH) 1075; T.C.M. (RIA) 84483; September 10, 1984. Kenneth G. Gordon, for the petitioners. Lottie W. Cohen, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Sec. 6653(b) [1]
year
Deficiency
Addition to Tax
1972
$11,630
$ 5,815
1973
24,722
12,361
After concessions, the issues for decision are (1) whether any part *197 of the underpayment of tax for each of the years in question was due to fraud, [2] and (2) whether the statute of limitations bars assessment of the deficiencies. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, Fook Kheong Chan and Kwan Yu Chan, resided in Rancho Palos Verdes, Calif., at the time the petition was filed herein. Petitioner Fook Kheong Chan (herein petitioner) was born in Malaysia in 1939. He received a Ph.D. degree in radiological physics from the University of London in London, England, where petitioners resided from 1960 until 1969. In October 1969, petitioners came to the United States, after petitioner had been invited by the County of Los Angeles-University of Southern California Medical Center (County-U.S.C.) in order to operate and instruct medical students in the operation of certain radiation *198 equipment used in the treatment of cancer. Petitioners have resided in the United States since that time. From 1969 to 1974, petitioner was employed by County-U.S.C. He received and reported on his Federal income tax returns the entire amount of his salary income from County-U.S.C. of $33,314 for 1972 and $33,559 for 1973. During the years in issue petitioner also maintained a radiological consulting business. Petitioner's consulting business included giving lectures and assisting with the installation and calibration of radiation equipment for various clients, which for the most part were hospitals within the Los Angeles area. Petitioner performed consulting services for at least 14 clients in 1972, at least 22 clients in 1973, and even more clients in 1974. In connection with his consulting business, petitioner sent bills to his clients for services performed on a monthly basis, but failed to keep records of his income from the business. However, petitioner maintained records reflecting certain business expenses such as restaurant receipts and depreciation schedules. All of petitioner's clients paid for his services by check. Many of those checks had stubs or skirts attached, *199 indicating the identity of the payor and the amount of the check. Some, but not all, of petitioner's clients issued to him either Forms 1099 or California Forms 599 (herein information returns) reflecting amounts paid for petitioner's services during the taxable years in question. However, some of those clients which did not issue information returns paid substantial sums for petitioner's services. For instance, one such client, West Valley Community Hospital, issued checks to petitioner totalling $9,875 in both 1972 and 1973. At all times, petitioner was aware that all income from his consulting business, not merely the amounts reflected on information returns received by him, was required to be reported as income for Federal income tax purposes. Petitioners' tax returns for 1971, 1972, and 1973 were prepared by a certified public accountant (herein the accountant). Although petitioner's work for County-U.S.C. and his consulting business occupied a great deal of his time, petitioner took a realtively active part in the preparation of his income tax returns and took an interest in matters relating to his Federal income tax liability. In providing the accountant with information *200 for his income tax returns for 1972 and 1973, petitioner reviewed the prior year's return, making line-by-line interlineations and changing amounts to reflect information for the then current year. Petitioner would furnish the accountant a copy of the marked-up draft, from which the accountant would prepare the final version of the return. On one occasion petitioner indicated to the accountant an error which had been made on his 1972 return concerning a deduction for investment interest expense attributable to petitioner's investment in a tax shelter. Correction of the error by means of an amended return resulted in a decrease in petitioner's purported tax liability for that year. On another occasion, petitioner forwarded a document concerning another tax shelter to the accountant, and noted the amount of "write-off" afforded thereby. By 1973, petitioner had invested in three different tax shelters. Although he reported his entire salary income from County-U.S.C. on his Federal income tax returns for 1972 and 1973, petitioner only reported gross receipts from his consulting business of $38,267 and $48,730, respectively. In fact, however, petitioner received from his consulting *201 business $54,507 in 1972 and $79,410 in 1973. Thus, petitioner understated his consulting income by $16,240 for 1972 and $30,680 for 1973. Respondent determined deficiencies for 1972 and 1973, based largely upon these amounts of unreported income. In addition, respondent asserted additions to the tax for fraud under section 6653(b). OPINION The first issue before us is whether any part of petitioner's underpayment of tax was due to fraud. Section 6653(b) provides for a 50 percent addition to the tax if any part of the underpayment of a tax required to be shown on a return is due to fraud. For purposes of section 6653(b), fraud is an intentional wrongdoing with the specific intent to evade a tax believed to be owed. , affd. ; . The existence of fraud is a question of fact to be determined from the entire record. . The burden of proof is on respondent to prove fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). *202 Because direct proof of fraudulent intent is seldom possible, respondent may show the requisite intent from the conduct of the taxpayer and the surrounding circumstances. Circumstantial evidence and reasonable inferences drawn therefrom can also show fraudulent intent. . Within this framework, the following factors evidencing fraud have been established. Petitioner reported gross receipts from his consulting business of $38,267 in 1972 and $48,730 in 1973. Petitioner thereby omitted from his returns gross receipts from his consulting business of $16,240 in 1972 and $30,680 in 1973, comprising nearly 30 percent of his consulting income in 1972 and more than 38 percent of such income in 1973. While not conclusive, consistent and substantial understatements of income are strong evidence of fraud. See , affg. a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court, and . *203 Although petitioner sought to portrary himself as a foreign-born individual lacking an understanding of the United States income tax system, he admitted at trial his awareness that all income received in his consulting business was required to be reported on his returns for 1972 and 1973, not merely the figures set forth in information returns he received. Moreover, petitioner understood his Federal income tax returns well enough to review prior returns on a line-by-line basis, and to furnish the accountant with changes to be made in connection with the preparation of his returns. Petitioner asserted at trial that during the years in issue, his work was uppermost in his mind, and that he did not place great importance upon tax matters. Nevertheless, by 1973 petitioner had invested in three tax shelters and had made suggestions to the accountant concerning the reporting of deductions from these tax shelters on his returns. We are convinced that petitioner knew he was required to report all consulting income on his returns for 1972 and 1973, and that he intentionally evaded paying the tax on the unreported amounts. Furthermore, we note petitioner's failure to maintain records *204 reflecting his consulting income, even though he did, however, keep records of certain business expenditures, including restaurant receipts, for the years in question. It is well settled that failure to keep records of all earnings is material evidence of fraud. ; see also , affg. a Memorandum Opinion of this Court. Finally, the evidence indicates that in connection with his 1972 and 1973 returns, petitioner prepared much of the information for the accountant's use and that he concealed the unreported amounts of consulting income from the accountant as well. Upon such facts, petitioner may not shift the responsibility for his substantial understatements of income to the accountant. See , affg. in part and revg. in part and remanding a Memorandum Opinion of this Court. Accordingly, after evaluating the entire record before us, we conclude that respondent has proved by clear and convincing evidence that petitioners' understatement of income for 1972 and 1973 was due *205 to fraud. Thus, we sustain the additions to tax under section 6653(b). The second issue is whether the statute of limitations bars the respondent's assessment of deficiencies. See sec. 6501(a). Respondent asserts that pursuant to section 6501(c)(1), such assessment is not barred because petitioners' returns for 1972 and 1973 were false or fraudulent with the intent to evade tax. Since we have determined that petitioners' underpayment of tax for such years was fraudulent, we also conclude, for the reasons set forth above, that petitioners' returns for 1972 and 1973 were fraudulent with intent to evade tax. See, e.g., ;, affg. a Memorandum Opinion of this Court. Therefore, we hold that the statute of limitations does not bar assessment of the deficiencies. To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Respondent has conceded that petitioner Kwan Yu Chan is not liable for the addition to tax under sec. 6653(b).↩